’ The opinion of the Court was delivered by
Johnson, J.
If a defendant suffer judgment to go against him by default, it is in some cases, for instance in the action of debt, final, and in all cases it is an admission of the *plaintiff’s action. But where the action sounds in damages, it is incumbent on the plaintiff to *39 show the extent of those damages by legal evidence; and unless he do so, he ought only to recover nominal damages. Nor does it follow that the plaintiff is entitled to recover the whole amount, even where the damages are of a character that render them, in some degree, certain and specific.[1] As in an action against the sheriff for the escape of a debtor in execution under a ca. sa., where it would seem that the judgment against the debtor ought to form the measure of damages ; yet the insolvency of the debtor, and many other circumstances, may be shown, in mitigation of damages. And’in this particular case, if it had appeared, on the face of the judgment itself, that it was either wholly or partially satisfied, it will not be pretended that the plaintiff was, notwithstanding, entitled to a verdict for the whole. It follows clearly, then, that whenever it is necessary to execute a writ of inquiry on a judgment by default, that the plaintiff is not, as a matter of course entitled t'o recover his entire demand.
The declaration in this case, as it should, sets out the bail bond, and assigns a breach of the condition. The exechtion of a writ of inquiry was, therefore, necessary to ascertain the damages. The judgment and fi. fa. against the principal was the only evidence offered, and this, it is said, is conclusive. Now, it is not denied, that to charge the bail, the return of a ca. sa. (non est inventus, [2] is expressly required by the act of 1809, (b) and if, as I have endeavored to establish, a jury is not bound to give the whole amount demanded, it is certainly a good reason why they should not, that the defendant was not legally liable; The very absence of such proof, which, if it existed, was so completely in the power of the party to procure, is such a circumstance as, I should think, would justify a jury in finding a nominal verdict for the plaintiff.
I am therefore of opinion, that the motion ought to be granted.
Cheves and Gantt, JJ., concurred.

 See Act of 1839, 11 Stat. 31, l 31.

 7 Stat. 309.

 The clause of the Act of 1809, referred to, 1 Brev. 53, is in the following words: “In all actions, hereafter to be brought, wherein the defendant or defendants shall be held to bail, by the sheriff-serving the writ or process, the bail so given to the sheriff shall be entitled to all the rights, privileges and powers of special bail, and may surrender his principal in discharge of- himself, or the principal surrender himself in discharge of his bail, in the same manner, and to the same extent, as special bail ale now entitled to; ally law, usage, or custom, to the contrary in any wise notwithstanding. ”
The construction given to this Act is, that the bail to the sheriff is not liable, until a ca. sa. against the principal has been returned non est inventus. Vide Stevens and Mead, 1 Constitutional Reports, 318. R.
See vol.’ 2, 569, 136.
This case may be said to be narrowly limited, if not overruled by Kinsler vs. Kyzer, 4 McC. 315.